UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **HALI WOODS, et al.,** } | |
| } | |
| **Plaintiffs,** } | |
| } | |
| v. } | Case No.: 2:15-cv-00493-RDP |
| } | |
| **JUDICIAL CORRECTION SERVICES,** } | |
| **INC., et al.,** } | |
| } | |
| **Defendants.** } | |

## MEMORANDUM OPINION

This case is before the court on Plaintiffs' Motion for Leave to File Third Amended and Restated Complaint. (Doc. # 133). The Motion has been fully briefed (*see* Docs. # 133, 136-39), and it is ripe for decision. After careful review, and for the reasons explained below, the court concludes that Plaintiffs' Motion is due to be granted in part and denied in part.

**I.     Standard of Review**

The parties dispute the appropriate standard of review to apply to Plaintiffs' requests to amend the complaint. On the one hand, Plaintiffs argue that the court should analyze the proposed amendments under Rule 15. (Doc. # 133 at 4-6). Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

On the other hand, Defendants argue that all of the proposed amendments should be analyzed under the good cause standard provided in Rule 16. A plaintiff is required to show good cause to amend a complaint if he or she files the motion to amend after the deadline provided in a scheduling order entered under Rule 16. *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291,

1312 (11th Cir. 2009). In this case, the court's initial Scheduling Order established a deadline of February 1, 2016 for Plaintiffs to amend the pleadings. (Doc. # 19 at 2). The court did not set an extended deadline for amended pleadings in its Amended Scheduling Order. (*See generally* Doc. # 54). Therefore, Plaintiffs have filed the present Motion for Leave to File Third Amended and Restated Complaint well after the deadline set in the court's scheduling orders, and they are obligated to show good cause for allowing the amendments. When determining whether a plaintiff has shown good cause for a late amendment to the complaint, courts have considered "(1) whether the plaintiff failed to ascertain facts prior to filing the complaint or failed to acquire information during the discovery period, (2) whether the information supporting the proposed amendment was available to the plaintiff, and (3) whether, even after acquiring the information, the plaintiff delayed in requesting leave to amend." *Arianas v. LVNV Funding LLC*, 307 F.R.D. 615, 616-17 (M.D. Fla. 2015).

Among other grounds, the court may deny leave to amend a pleading when a party has unduly delayed in seeking leave for the amendment. *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)). In *Weaver*, the Eleventh Circuit affirmed a denial of leave to amend on undue delay grounds where forty months had passed since the filing of the original counterclaim, the new counterclaims would require proof of different facts, and the only apparent reason for the delay in asserting the counterclaims was the retention of a new attorney. *Id.* The Eleventh Circuit also has affirmed the denial of leave to amend a complaint where the plaintiff proposed the amendment more than a year after it was placed on notice of a legal deficiency, the proposed amendment raised a new theory not proposed in a first amended complaint, and the plaintiff failed to offer an adequate

explanation for its delay. *Andrx Pharms., Inc. v. Elan Corp., PLC*, 421 F.3d 1227, 1236-37 (11th Cir. 2005).

The court also may deny leave to amend a pleading when the proposed amendment is futile. *Weaver*, 169 F.3d at 1319. An amendment is futile if the complaint is still subject to dismissal with the amendment. *Id.* at 1320.

## II. Analysis

The court addresses Plaintiffs' proposed amendments in the order they are discussed in the Motion for Leave to File Third Amended and Restated Complaint.

### A. Plaintiffs Will be Permitted to Add Conspiracy Allegations in the Third Amended Complaint

Plaintiffs seek leave to amend their § 1983 claims to add allegations that Defendants conspired to violate their constitutional rights. (Doc. # 133 at 6-8). Defendant Judicial Correction Services ("JCS") opposes the proposed amendments on the ground that Plaintiffs unduly delayed in seeking the amendments. (Doc. # 136 at 2-3). Additionally, Defendant JCS insists that the proposed amendments would prejudice Defendants because discovery has concluded in this matter. (*Id.* at 3-4). Defendant JCS also argues that the proposed amendments are futile because Plaintiffs now claim that the Columbiana Municipal Court's judge failed to consider municipal-court defendants' poverty, rather than their indigency. (*Id.* at 4-5). Finally, Defendant JCS complains that the court's summary judgment opinion in *Ray v. JCS*, Case No. 2:12-cv-02819-RDP, does not justify amendments to this complaint because the *Ray* case concerns a different municipality and a different municipal court. (*Id.* at 6-7). Similarly, Defendants CHC Companies, Inc. ("CHC Companies") and Correct Care Solutions, LLC ("Correct Care") contend that the amendments related to conspiracy claims are untimely, unduly prejudicial, and futile in light of the court's rulings in *Ray*. (Doc. # 137 at 4-10).

First, the court is not convinced that Plaintiffs unduly delayed in seeking to add the conspiracy allegations to the operative complaint. As Plaintiffs explain in their motion, they seek to amend their claims in this action to address this court's summary judgment order in *Ray*, a similar and earlier-filed action. (Doc. # 133 at 8). Thus, Defendant JCS is incorrect in insisting that Plaintiffs have offered no reason for the delay in seeking to amend their complaint. (*See* Doc. # 136 at 2-3). Plaintiffs also have explained why they waited a few months after the court issued its summary judgment opinion in *Ray* to file the present motion for leave to amend the complaint here. They waited to file the motion pending a mediation session for *Ray* and other similar cases held in November 2017. Plaintiffs' arguments -- and the court's knowledge about the progression of this action, *Ray*, and other similar cases -- convince the court that there is good cause for Plaintiffs' delay in seeking the amendments and that they have not unduly delayed in filing this motion. To the extent that the justified delay necessitates additional discovery, Defendants may seek leave for additional discovery.

Second, the court is not convinced that the conspiracy allegations in the proposed Third Amended Complaint are futile. Defendant JCS highlights that the proposed complaint focuses on the Columbiana Municipal Court judge's failure to consider defendants' poverty, rather than their indigency status. (Doc. # 136 at 4-5). But, the proposed complaint raises several other factual allegations to support the existence of a conspiracy to violate municipal-court defendants' constitutional rights, in addition to the allegation that the Municipal Court's judge failed to consider poverty.[1] (*See* Doc. # 133-1 at 23-27). The court finds that the legal deficiency pointed out in Defendant JCS's opposition brief is insufficient to show that the proposed conspiracy allegations are futile.

---

[1] The court understands that Defendant JCS reserves the right to contest the legal sufficiency of these allegations in later motion practice.

Third, the court disagrees with Defendants CHC Companies and CCS that the proposed amendments will unduly prejudice them because they are due to be dismissed from the case in any event. These Defendants will need to file dispositive motions to be dismissed from the case regardless of whether the court grants or denies Plaintiffs leave to amend the complaint because Plaintiffs assert claims against CHC Companies and CCS in the Second Amended Complaint. While it is no secret that CHC Companies and CCS are likely to be granted summary judgment if the same evidence and arguments are presented in this case as were presented in *Ray*, the court cannot say that the allegations in the proposed complaint are futile based upon attorneys' averments about a proposed or predicted summary judgment record that is not presently before the court.

**B.     Plaintiffs' Proposed Summaries of Their Constitutional Allegations are Denied as Unnecessary**

Plaintiffs request to amend their complaint to add short paragraphs to each of the constitutional counts clarifying the alleged constitutional violations. (Doc. # 133 at 8-9). The court finds there is not good cause for such an amendment, as the parties are well aware of the grounds for the constitutional claims presented in this case and other similar cases against JCS and other defendants. Plaintiffs argue that a district court allowed similar amendments in *Dunn v. Dunn*, No. 2:14-cv-601-MHT, 2016 WL 5400365 (M.D. Ala. Sept. 27, 2016). That case is distinguishable, though, because the plaintiffs in *Dunn* requested leave to amend before the deadline set in the relevant scheduling order. *Dunn*, 2016 WL 5400365, at *3. Plaintiffs' request to add summaries of their constitutional allegations is thus due to be denied.

### C. Plaintiffs' Request to Add an Express Restitution Prayer for Relief Must be Denied Due to Plaintiffs' Undue Delay

Plaintiffs move for leave to expressly seek restitution of fees levied by JCS as a form of relief. (Doc. # 133 at 9-11). Their proposed complaint requests restitution for fines and fees that were either unconstitutional or unlawful. (Doc. # 133-1 at 72). Plaintiffs have not explained how their request for *restitution* differs from their request for *damages* under § 1983 in the Second Amended Complaint. (*See* Doc. # 91 at pp. 66-67). Based on the court's experience in *Ray*, though, the court believes that the restitution prayer is being proposed in order for Plaintiffs to seek relief under certain state-law theories. (*See* Case No. 2:12-cv-02819-RDP, Doc. # 427 at 10-24) (seeking restitutionary damages on the basis that a probation services contract between JCS and another Alabama municipality was void *ab initio* under Alabama state law). Although certain state-law deficiencies with the probation services contract are referenced in the Second Amended Complaint's due process claim (*see* Doc. # 91 at ¶¶ 144-47) and its claim for declaratory and injunctive relief (*see id.* at ¶¶ 317-37), to date, Plaintiffs have not pursued a state-law damages claim in this action. For the reasons explained in a recent opinion entered in *Ray* regarding a similar motion for leave to amend a complaint (Case No. 2:12-cv-02819-RDP, Doc. # 687 at 7) and at a June 14, 2018 oral argument in *Ray* on that motion, the court finds that Plaintiffs have failed to show good cause for their late request to add a restitution claim, and that Defendants lacked notice of the restitution claim advanced by Plaintiffs throughout the proceedings in this action.

### D. Plaintiffs Are Due to be Granted Leave to Amend Their Class Definitions

Plaintiffs ask the court for leave to amend the class definitions provided in the Second Amended Complaint. (Doc. # 133 at 11-12). For the reasons explained in the court's recent *Ray* opinion (Case No. 2:12-cv-02819-RDP, Doc. # 687 at 9-10) and at a June 14, 2018 oral

argument on that motion, the court finds that Plaintiffs' request to amend the class definitions is due to be granted.

### E. Plaintiffs are Due to be Granted Leave to Correct Factual Errors, Fix Typos, and Improve the Grammar of the Complaint

Plaintiffs ask the court for leave to amend factual allegations that have not been borne out by discovery, fix typos in the complaint, and improve the complaint's grammar. (Doc. # 133 at 13). The court finds good cause for these non-substantive amendments and will grant Plaintiffs leave to make them.

## IV. Conclusion

For the reasons explained above, Plaintiffs' Motion for Leave to File Third Amended and Restated Complaint (Doc. # 133) is due to be granted in part and denied in part. An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this June 18, 2018.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE